1  Sara Gold, Esq. (Cal. Bar. No. 328268)
   GOLD IP LAW
2  1501 India Street, Suite 103-176
   San Diego, CA   92101
3  Tel: (619) 878-7111
4  Email: sara@goldiplaw.com

5
   Counsel for Plaintiff
6  Cassandra Koenig dba Aloha Divorce

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11

12 | CASSANDRA KOENIG dba ALOHA        | Case No. '25CV3176 AGS BJW
   | DIVORCE, an individual residing in |
13 | California;                        | **VERIFIED COMPLAINT FOR:**
14 |                                    |
   |         Plaintiff,                 | **(1) UNFAIR COMPETITION/FALSE
15 |                                    | DESIGNATION OF ORIGIN IN
   | v.                                 | VIOLATION OF 15 U.S.C. § 1125(a);**
16 |                                    | **(2) SERVICE MARK INFRINGEMENT
17 | ALOHA LAW PC, a California         | IN VIOLATION OF CAL. BUS. &
   | corporation;                       | PROFS. CODE § 14245(a);**
18 |                                    | **(3) SERVICE MARK DILUTION IN
19 |         Defendant.                 | VIOLATION OF CAL. BUS. & PROF.
                                          CODE § 14247;**
20                                        **(4) UNFAIR COMPETITION UNDER
                                          CALIFORNIA COMMON LAW;**
21                                        **(5) UNFAIR COMPETITION UNDER
22                                        CAL. BUS. & PROFS. CODE §§ 17200 et
                                          seq.**
23
                                          **DEMAND FOR JURY TRIAL**
24

25

26

27

28

---

VERIFIED COMPLAINT                                          CASE NO: TBD

Page 1

Plaintiff CASSANDRA KOENIG dba ALOHA DIVORCE ("Plaintiff" or "Aloha Divorce"), through her undersigned counsel, brings this action against Defendant ALOHA LAW PC ("Defendant" or "Aloha Law"). Plaintiff alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff and Defendant both operate law firms in San Diego County that specialize in family law services. Plaintiff opened her law firm **Aloha Divorce** in California in 2020 and in San Diego County in 2021, whereas Defendant began offering legal services in California under the name **Aloha Law** in 2024.

2. The similarity between the two law firm names is confusing to the public and damages the goodwill that Plaintiff has developed in the ALOHA DIVORCE mark.

3. Based thereon, Plaintiff herein asserts claims for false designation of origin under 15 U.S.C. § 1125(a); service mark infringement under California Business & Professions Code section 14245(a); service mark dilution under California Business & Professions Code section 14247; common-law unfair competition; and unfair competition under California Business & Professions Code sections 17200, et seq.

4. The claims are based on Plaintiff's federal common-law trademark rights in the distinctive service mark ALOHA DIVORCE, arising from five years of continuous use in commerce since July 2020.

5. Plaintiff additionally owns a California trademark registration, confirming her exclusive right to use the mark ALOHA DIVORCE throughout the State of California in connection with family law attorney services.

6. Years after Plaintiff opened her practice, Defendant was filed as a California professional corporation in San Diego County on February 5, 2024. Defendant soon after began offering attorney services in the field of family law under the leadership of solo practitioner T'Ere Healoha Lee, who was admitted to the California Bar in December 2023.

7. With full knowledge of Plaintiff's rights, Defendant continues to use the name ALOHA LAW in the same state and county as Plaintiff, in connection with family law attorney services of the same type as the attorney services that Plaintiff has offered in California since 2020 and in San Diego County since 2021 as ALOHA DIVORCE.

8. Plaintiff contends that these acts constitute service mark infringement, service mark dilution, and unfair competition under both federal and state law.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action under 28 U.S.C. sections 1331, 1338(a), 1338(b), and 1367(a), and under 15 U.S.C. section 1125(a), because this action involves substantial claims arising under the Lanham Act.

10. This Court has supplemental jurisdiction over Plaintiff's state-law and common-law claims under 28 U.S.C. section 1367(a).

11. This Court has personal jurisdiction over Defendant because Defendant is a California corporation with principal place of business in San Diego County, California.

12. Venue is proper under 28 U.S.C. § 1391(b)(1) because Defendant resides in this district, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

13. Plaintiff Cassandra Koenig dba Aloha Divorce ("Plaintiff") is a California-licensed attorney who resides in and conducts business in San Diego County, California.

14. Defendant Aloha Law, PC ("Defendant") is a California corporation with its principal place of business in San Diego County, California.

15. Defendant is owned and operated by T'Ere Healoha Lee, a California-licensed attorney who resides in San Diego County, California.

## PLAINTIFF AND THE 'ALOHA DIVORCE' MARK

16. Plaintiff is a California-licensed attorney who practices family and divorce law in San Diego County, California.

17. Plaintiff graduated from Thomas Jefferson School of Law, took the February 2020 bar exam, and then moved temporarily during the COVID-19 pandemic to the Lake Tahoe region.

18. Plaintiff opened her solo practice Aloha Divorce in Truckee, California, in July 2020 after being sworn in to the California Bar.

19. Plaintiff registered the domain name www.aloha-divorce.com on July 9, 2020.

20. On or around June 26, 2021, Plaintiff moved back to San Diego County and relocated her law practice to San Diego County, where she has practiced since.

21. Since July 2020, Aloha Divorce has offered a variety of family and divorce law services to clients throughout the State of California.

22. Plaintiff helps clients with divorce proceedings.

23. Plaintiff helps clients with legal separation proceedings.

24. Plaintiff offers mediation services.

25. Plaintiff helps clients with prenuptial agreements.

26. Plaintiff helps clients with postnuptial agreements.

27. In the five years since opening her practice, Plaintiff has become recognized as a high-quality provider of family and divorce law services in San Diego County.

28. Plaintiff is known to the public through her membership through Plaintiff's social media channels and through Plaintiff's affiliation with a number of professional certification organizations, family law-related nonprofits, and bar organizations.

29. Plaintiff has Aloha Divorce-branded pages on LinkedIn, Instagram, Facebook, YouTube, and Twitter.

30. Plaintiff also runs an active TikTok account with educational content about family and divorce law.

31. Plaintiff is a certified Co-Parenting Specialist® based on her completion of a certification program designed for lawyers, mediators, and mental health professionals in the family law space.

32. Plaintiff is a family law mediator and member of the Academy of Professional Family Mediators.

33. Plaintiff gains public exposure as a member of Collaborative Practice San Diego, a non-profit referral networks of attorneys, mental health professionals, and financial advisors focused on peaceful resolution of family law issues.

34. Plaintiff is a member of the San Diego County Bar Association, San Diego Family Law Bar Association, and the Southern California Mediation Association.

35. Plaintiff has discussed her law practice on podcasts such as the "New Solo" podcast by Legal Talk Network and the "Lawyer in New Jeans" podcast.

36. Aloha Divorce has also gained public recognition through articles written by and about Plaintiff.

37. Plaintiff has authored magazine articles published by the San Diego County Bar Association, North County Bar, and San Diego-based Pacific Wealth Management.

38. Earlier this year, Plaintiff and her law practice were the subject of a Fox 5 news article titled "Aloha Divorce Brings a Stress-Free, Amicable Approach to Divorce in California," published February 17, 2025. (**Exhibit 1**.)

39. Last year, Plaintiff and her law practice were the subject of an SD Voyager article titled "Meet Cassandra Koenig of Aloha Divorce," published February 26, 2024. (**Exhibit 2**.)

40. Plaintiff and her law practice were also the subject of an article published in CanvasRebel Magazine published November 25, 2024. (**Exhibit 3**.)

41. Plaintiff's mark ALOHA DIVORCE has become distinctive of Plaintiff's family law attorney services in commerce.

42. Aloha Divorce has grown over the past five years and now has two offices in San Diego County.

43. Plaintiff has a service mark registration for ALOHA DIVORCE issued by the California Secretary of State (Reg. No. 02049235). (**Exhibit 4**.)

44. Plaintiff's California trademark registration grants Plaintiff the exclusive right to use the term ALOHA DIVORCE as a service mark for family and divorce law services throughout the State of California.

45. Plaintiff also has common-law federal rights to the term ALOHA DIVORCE through her substantially exclusive use of the term as a service mark for family and divorce law services.

46. Based on these rights, Plaintiff has the right to exclude junior users from providing services under any similar term that is likely to cause consumer confusion as to the source, sponsorship, origin, or affiliation of the services provided by Plaintiff and/or the junior user.

## DEFENDANT ENTERS THE SCENE AS 'ALOHA LAW'

47. Defendant's owner T'Ere Healoha Lee became a California-licensed attorney in December 2023.

48. Defendant was filed as a California corporation on February 5, 2024.

49. Defendant's incorporation documents state that Defendant conducts business at 10620 Treena Street Suite 230, San Diego, CA 92131.

50. Defendant's incorporation documents state that the purpose of the corporation is to provide attorney services.

51. Defendant registered the domain name www.alohalawpc.com on March 12, 2024.

52. In 2024, Defendant began offering services under the name Aloha Law.

53. In 2024, Defendant began offering attorney services within the field of family and divorce law.

54. Defendant provides legal services to clients in San Diego County.

55. Defendant helps clients with divorce proceedings.

56. Defendant helps clients with legal separation proceedings.

57. Defendant offers mediation services.

58. Defendant helps clients with prenuptial agreements.

59. Defendant helps clients with postnuptial agreements.

60. Defendant helps clients with child custody proceedings.

61. Defendant offers the same types of services that Plaintiff does, all falling within the category of attorney services in the field of family and divorce law.

62. Defendant and Plaintiff both offer family law attorney services to clients in California and within San Diego County.

63. Defendant and Plaintiff both use "Aloha" as the first word of their respective marks.

### CONSUMER CONFUSION BETWEEN THE TWO 'ALOHA' FIRMS

64. Ever since Defendant began operating under the name "Aloha Law," prospective clients and fellow attorneys alike have experienced confusion between Aloha Divorce and Aloha Law because they are both family law firms in San Diego County.

65. Since 2024, several of Plaintiff's current and prospective clients have asked Plaintiff whether Aloha Divorce and Aloha Law are one and the same.

66. For example, prospective client Megan contacted Plaintiff in July 2025 to inquire about scheduling a complimentary divorce consultation. When Plaintiff contacted Megan to schedule, Megan stated that she had actually been attempting to contact Aloha Law, whose services may be covered under her insurance plan.

67. In her reply email to Plaintiff, Megan stated: "I think I got your office mixed up with Aloha Law PC - my apologies." Attached as **Exhibit 5** is a true and correct copy of this email that Plaintiff received from Megan on July 23, 2025.

68. In October 2025, Plaintiff followed up with Megan to inquire about the source of Megan's confusion between Plaintiff and Defendant. Megan wrote in response: "Honestly, I am still confused. I have a phone appointment on 10/16 at 1 pm with Aloha - is that with you or them?" Attached as **Exhibit 6** is a true and correct copy of this email that Plaintiff received from Megan on October 10, 2025.

69. Other attorneys, *including attorneys whom Plaintiff knows personally*, are also experiencing confusion between Aloha Divorce and Aloha Law.

70. In August 2025, Plaintiff collaborated with attorney Faith Corbaley, junior partner at Prager Jones PC, on a prenuptial agreement between their respective clients. (**Declaration of Faith Corbaley**, ¶ 5 ["Decl. Corbaley"].)

71. Plaintiff and Corbaley have known each other for a year and a half and have worked together on various client matters during that time. (Decl. Corbaley, ¶ 4.)

72. When Corbaley sent the initial draft of the prenuptial agreement to Plaintiff for her and her client's review, Plaintiff's attorney signature block was erroneously labelled as "Aloha Law, APC." (See Decl. Corbaley, ¶ 6, Exh. A.)

73. Plaintiff promptly notified Corbaley of the error so that it could be corrected in the final version of the agreement. (Decl. Corbaley, ¶ 9.)

74. According to Corbaley, the mix-up arose because she remembered the "Aloha" aspect of Plaintiff's firm name, searched online for "Aloha Law," and found information about Defendant. (Decl. Corbaley, ¶ 7.)

75. According to Corbaley, it is confusing for two family law firms both in San Diego to share the "Aloha" name. (Decl. Corbaley, ¶ 8.)

## PLAINTIFF'S EFFORTS TO RESOLVE THE MATTER OUT-OF-COURT

76. Plaintiff first contacted Defendant regarding the issue of trademark infringement via a demand letter sent to Lee via email and certified mail on February 12, 2025. A true and correct copy of the email thread is attached as **Exhibit 7**. A true and correct copy of the demand letter accompanying the email is attached as **Exhibit 8**.

77. The demand letter stated that Plaintiff owns prior rights to the term ALOHA DIVORCE and that Defendant's use of the term ALOHA LAW to promote competing legal services within the same city and county as Plaintiff, and within the same legal specialty as Plaintiff, constitutes trademark infringement. (See Exhibit 8.)

78. In the February 12, 2025 demand letter, Plaintiff asked Lee to agree to cease use of the term ALOHA LAW. (See Exhibit 8.)

79. In response to Plaintiff's demand letter, Lee stated her unequivocal refusal to change her law firm name. (See Exhibit 7.)

80. Four months later, on June 12, 2025, Plaintiff and Lee both attended a continuing legal education event at the Vista courthouse. After the event, Plaintiff and Lee had a brief conversation regarding the trademark dispute. During this conversation, Lee expressed the desire to resolve the matter amicably and out-of-court. Plaintiff promised to follow up with next steps.

81. On September 2, 2025, Plaintiff's counsel sent Lee a formal settlement offer proposing that Lee agree to cease use of the ALOHA LAW name.

82. In response, Lee again stated her refusal to change her law firm name.

## COUNT ONE
### Federal Unfair Competition – 15 U.S.C. § 1125(a)

83. Plaintiff restates and realleges paragraphs 1 through 82 above, as if fully set forth herein.

84. Defendant's unauthorized use in commerce of ALOHA LAW ("Defendant's Mark") in connection with family law attorney services, as alleged herein, infringes on Plaintiff's federal common-law rights in ALOHA DIVORCE ("Plaintiff's Mark").

85. The co-existence of the parties' marks is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of the parties' respective services.

86. Based on Plaintiff's knowledge and belief, Plaintiff is the only family law firm in the United States that uses the name Aloha Divorce.

87. Plaintiff's Mark is distinctive, having developed secondary meaning within the family law market as the product of online engagement, client recognition, and continuous use over the past five years.

88. Under the Lanham Act, five years of continuous use in commerce is prima facie evidence of the acquired distinctiveness of Plaintiff's Mark. 15 U.S.C. § 1052(f).

89. Plaintiff began using Plaintiff's Mark before Defendant began using Defendant's Mark.

90. Due to the co-existence of the parties' marks, there is a likelihood of consumer confusion because the two marks create a similar commercial impression.

91. Defendant's Mark is a two-word term that starts with the word "Aloha."

92. Defendant's Mark is used by Defendant to identify and promote Defendant's family law attorney services.

93. Plaintiff's Mark is a two-word term that starts with the word "Aloha."

94. Plaintiff's Mark is used by Plaintiff to identify and promote Plaintiff's family law attorney services.

95. In the context of Defendant's Mark, "Law" refers to Defendant's family law attorney services.

96. In the context of Plaintiff's Mark, "Divorce" refers to Plaintiff's family law attorney services.

97. Plaintiff's Mark and Defendant's Mark are both likely to be perceived by consumers as "Aloha"-related marks referring to a law firm.

98. Plaintiff's Mark and Defendant's Mark carry the same commercial impression because they are both two-word terms beginning with the distinctive term "Aloha" and ending with a descriptive term referring to attorney services.

99. There is a likelihood of confusion due to the similarity between the parties' respective services and their respective clientele.

100. Plaintiff is an attorney who offers family law services in California.

101. Defendant's owner Lee is an attorney who offers family law services in California.

102. Plaintiff provides attorney services to clients within San Diego County.

103. Defendant provides attorney services to clients within San Diego County.

104. Plaintiff and Defendant offer services within the same legal specialty.

105. Consumers expect to be able to find Plaintiff's and Defendant's respective types of services from a common source.

106. There are known instances of actual confusion between Plaintiff and Defendant, as alleged herein.

107. These instances of actual confusion are the direct result of the confusing similarity between Plaintiff's Mark and Defendant's Mark.

108. Defendant became aware of Plaintiff's contentions of infringement on February 12, 2025 when Plaintiff sent a demand letter to Defendant.

109. Since February 12, 2025, Lee has repeatedly told Plaintiff that Defendant's use of Defendant's Mark is justified because "Aloha" is part of Lee's personal name.

110. Lee's legal name is T'Ere Healoha Lee.

111. "Aloha" is a subcomponent of Lee's middle name.

112. Defendant adopted Defendant's Mark years after Aloha Divorce was well-established, suggesting Defendant's knowing intent to benefit from Plaintiff's goodwill.

113. Defendant continues to use Defendant's Mark after receiving written notice more than once of Plaintiff's infringement contentions.

114. Through reasonable investigation, Lee would have learned that infringement exists whenever a valid mark is asserted and there is a likelihood of consumer confusion, even if the accused mark contains the infringer's personal name in whole or in part.

115. As the result of failure to reasonably investigate Plaintiff's infringement contentions, Defendant asserts an objectively unreasonable defense such that Defendant's continued use of Defendant's Mark is in willful disregard of Plaintiff's trademark rights.

116. The similarity of the marks and the proximity of the parties' services are non-arguable and should be readily apparent to Defendant, making Defendant's continued use of Defendant's Mark in spite of Plaintiff's rights willful.

117. Defendant's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the parties' respective services.

118. Defendant's infringing acts have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's services originate from, are associated, or affiliated with, or otherwise authorized by Plaintiff.

119. Defendant's infringing acts have and are likely to deceive the relevant consuming public into believing, mistakenly, that Plaintiff's services originate from, are associated, or affiliated with, or otherwise authorized by Defendant.

120. Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to her goodwill and reputation, and will continue to both damage Plaintiff and confuse the public. Plaintiff has no adequate remedy at law.

121. Plaintiff is entitled to injunctive relief and actual damages, Defendant's profits, reasonable attorneys' fees, and costs under the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

# COUNT TWO
## Service Mark Infringement in Violation of Cal. Bus. & Profs. Code § 14245(a)

122. Plaintiff restates and realleges paragraphs 1 through 121 above, as if fully set forth herein.

123. Plaintiff's service mark ALOHA DIVORCE is registered in California in connection with: legal services in the field of family law, namely divorce, legal separation, prenuptial agreements, and postnuptial agreements. (Exhibit 4.)

124. As stated in Plaintiff's California trademark registration, Plaintiff has used Plaintiff's Mark in the State of California since at least as early as June 26, 2021.

125. Plaintiff's California trademark registration gives Plaintiff the exclusive right to use Plaintiff's Mark within California in connection with family law services.

126. Defendant began providing family law attorney services in California under the name ALOHA LAW in 2024.

127. Defendant's use of the name ALOHA LAW is without Plaintiff's consent.

128. Defendant's Mark is a colorable imitation of Plaintiff's Mark that is likely to cause confusion or mistake, or to deceive the public as to the origin of the parties' respective services.

129. Defendant's use of Defendant's Mark is willful because Defendant continues to use and exploit the consumer confusion between the parties' marks despite knowledge that Plaintiff's law firm existed in San Diego County before Defendant began offering attorney services in San Diego County.

130. Defendant's use of Defendant's Mark is willful because Defendant continues to use and exploit the consumer confusion between the parties' marks despite knowledge that Defendant offers family law attorney services that directly compete with Plaintiff's family law attorney services.

131. Plaintiff is entitled to a statewide injunction and to recover her legal damages and/or Defendant's ill-gotten profits under Cal. Bus. & Profs. Code § 14250.

# COUNT THREE

## Trademark Dilution in Violation of Cal. Bus. & Profs. Code § 14247

132. Plaintiff restates and realleges paragraphs 1 through 131 above, as if fully set forth herein.

133. Plaintiff's Mark is registered with the California Secretary of State.

134. Plaintiff's Mark is widely recognized by the general consuming public of State of California as a provider of family law attorney services.

135. Since 2020, Plaintiff has provided legal services to more than 500 clients throughout the State of California.

136. Plaintiff's Mark is widely recognized by the general consuming public of the State of California due to Plaintiff's prominent presence across print media, legal publications, and podcasts as alleged herein.

137. Plaintiff's Mark is widely recognized by the general consuming public of the State of California due to Plaintiff's involvement with a number of professional organizations, industry organizations, and consumer referral networks, as alleged herein.

138. Plaintiff's Mark is widely recognized by the general consuming public of the State of California as a product of Plaintiff's own marketing and advertising efforts, which have generated widespread actual consumer recognition of Plaintiff's law firm Aloha Divorce as a trusted provider of family law attorney services.

139. Plaintiff's Mark, adopted in 2020, was widely recognized by the general consuming public of the State of California at the time when Defendant adopted Defendant's Mark.

140. Without Plaintiff's consent, Defendant continues to use the term ALOHA LAW to identify and promote Defendant's own family law attorney services.

141. Defendant's unauthorized use of Defendant's Mark causes a likelihood of dilution of Plaintiff's Mark by reducing the strength of Plaintiff's Mark, for consumers no

longer associate "Aloha"-branded family law attorney services in California exclusively with Plaintiff.

142. Misidentification by clients and attorneys, including one attorney who knows Plaintiff personally yet misidentified Plaintiff on a prenuptial agreement as "Aloha Law, APC," demonstrates continuing harm and dilution of Plaintiff's brand identity.

143. Plaintiff is entitled to a court order under Cal. Bus. & Profs. Code § 14247(b), forbidding Defendant from using any variant of Plaintiff's Mark within the State of California that dilutes Plaintiff's Mark.

## COUNT FOUR
## Unfair Competition under California Common Law

144. Plaintiff restates and realleges paragraphs 1 through 143 above, as if fully set forth herein.

145. Defendant purposefully deceives customers into inferring an association between Defendant and Plaintiff, shown by the evidence of actual consumer confusion.

146. Defendant's actions are designed to deliberately cause confusion or mistake, or to deceive the public as to the origin, sponsorship, association, or approval of the parties' services so that Defendant, a newcomer in the market, may wrongfully benefit from Plaintiff's professional reputation along with the goodwill that Plaintiff has developed in Plaintiff's Mark from years of providing high-quality attorney services.

147. Defendant's conduct is willful and consciously disregards Plaintiff's Mark.

148. As a direct and proximate result of Defendant's wrongful conduct alleged herein, Plaintiff has suffered, is suffering, and will continue to suffer irreparable injury to her business reputation and goodwill for which no adequate remedy at law exists.

149. Defendant's deliberate creation of consumer confusion is willful, wanton, malicious, oppressive, and fraudulent, entitling Plaintiff to punitive damages.

# COUNT FIVE
## Unfair Competition under Cal. Bus. & Profs. Code §§ 17200, et seq.

150. Plaintiff restates and realleges paragraphs 1 through 149 above, as if fully set forth herein.

151. Defendant adopts the unauthorized business practice of knowingly conducting business as Aloha Law in order to compete with Plaintiff in the family law industry by causing confusion or mistake, deceiving the public as to the origin, sponsorship, association, or approval of the parties' respective services, and falsely implying an association with Plaintiff. This unauthorized business practice is unlawful, unfair, unscrupulous, and substantially injurious to Plaintiff and the public.

152. By using a close variant of Plaintiff's Mark to identify and promote Defendant's competing attorney services, Defendant intentionally causes the public to be deceived, confused, and/or mistaken as to the ownership of the parties' respective businesses, thereby harming Plaintiff's business and goodwill in the marketplace.

153. Without injunctive relief, Plaintiff has no means by which to control Defendant's deceptive and confusing use of Defendant's Mark.

154. As a direct and proximate result of Defendant's unfair competition and unlawful and deceptive business practices alleged herein, Plaintiff has suffered, is suffering, and will continue to suffer irreparable injury to her business reputation and goodwill for which no adequate remedy at law exists.

155. Plaintiff is entitled to an injunction prohibiting Defendant from continuing to use Defendant's Mark or any close variation thereof in any context—including but not limited to, domain name, promotional materials, letterheads, business cards, signage, and advertising, including online and social media advertising.

156. Plaintiff is entitled to appropriate restitution remedies under Cal. Bus. & Profs. Code § 17203.

# PRAYER FOR RELIEF

WHEREFORE, in consideration of the foregoing, Plaintiff respectfully requests that the Court enter judgement in its favor and against Defendant as follows:

(a) Enter judgment that Plaintiff's Mark ALOHA DIVORCE is entitled to federal common-law service mark protection under the Lanham Act;

(b) Enter judgment that Plaintiff's California-registered service mark, registered with the California Secretary of State as Registration Number 02049235, is valid and enforceable.

(c) Enter judgment that Defendant's unauthorized use of ALOHA LAW in connection with family law attorney services constitutes federal unfair competition in violation of 15 U.S.C. section 1125(a).

(d) Enter judgment that Defendant's unauthorized use of the ALOHA LAW in connection with family law attorney services constitutes service mark infringement under Cal. Bus. & Profs. Code section 14245(a);

(e) Permanently enjoin and restrain Defendant, along with its agents, employees, officers, attorneys, successors, assigns, affiliates, and any persons in privity or active concert or participation with any of them, from using the term ALOHA LAW—alone or in combination with other words or symbols—as a service mark, trade name component, or otherwise, to market, advertise, or identify Defendant's services throughout the United States and/or State of California;

(f) Enter an order requiring Defendant to immediately discontinue using the domain name www.alohalawpc.com;

(g) Pursuant to 15 U.S.C. section 1116(a) and/or Cal. Bus. & Profs. Code section 14250, direct Defendant to file with the Court and serve on Plaintiff within thirty

(30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant complied with the injunction;

(h) Pursuant to 15 U.S.C. section 1118, require Defendant and all others acting under Defendant's authority, at their cost, to deliver and destroy all devices, literature, advertising, labels, and other material in their possession bearing the mark ALOHA LAW;

(i) Award Plaintiff all damages sustained as the result of Defendant's acts of infringement, dilution, and unfair competition, together with prejudgment interest, pursuant to 15 U.S.C. section 1117;

(j) Award Plaintiff its attorneys' fees and costs pursuant to 15 U.S.C. section 1117, or as otherwise allowed by law;

(k) Award Plaintiff punitive damages; and

(l) Grant Plaintiff additional, other or further relief as the Court deems proper.

Dated  November 17, 2025                    Respectfully submitted,

<u>*/s/ Sara Gold*</u>
Sara Gold, Esq.
**GOLD IP LAW**
*Attorney for Cassandra Koenig dba Aloha Divorce*
1501 India Street, Suite 103-176
San Diego, CA   92101
Tel: (619) 878-7111
Email: sara@goldiplaw.com

# JURY DEMAND

Plaintiff Cassandra Koenig respectfully requests a jury trial on all claims and issues so triable.

Dated  November 17, 2025              Respectfully submitted,

/s/ Sara Gold_____

Sara Gold, Esq.

**GOLD IP LAW**

*Attorney for Cassandra Koenig dba Aloha Divorce*

1501 India Street, Suite 103-176

San Diego, CA   92101

Tel: (619) 878-7111

Email: sara@goldiplaw.com

# VERIFICATION

I am the Plaintiff, and I have read the foregoing Verified Complaint and all attachments and exhibits thereto, and I know the contents thereof. The same is true of my own personal knowledge, except for those matters which have been stated herein on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed at San Diego, California, on Nov 12, 2025.

By: *Cassandra Koenig*
Cassandra Koenig

VERIFICATION                                                                 CASE NO: TBD